MCALLISTER, APPELLANT, *v.* SMITH, WARDEN, APPELLEE.

[Cite as *McAllister v. Smith,* 119 Ohio St.3d 163, 2008-Ohio-3881.]

164

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because habeas corpus is not a proper action to raise a claimed violation of Crim.R. 32(C), we affirm.

{¶ 2} Appellant, John McAllister, entered a plea of guilty to felony charges of theft of a motor vehicle and escape, and the Harrison County Court of Common Pleas accepted his plea. By judgment entry journalized in June 2007, the common pleas court sentenced McAllister to an aggregate prison sentence of 18 months. McAllister appealed the court's sentence but subsequently withdrew his appeal.

{¶ 3} In October 2007, McAllister filed a petition in the Court of Appeals for Marion County for a writ of habeas corpus to compel appellee, North Central Correctional Institution Warden Clifford Smith, to release him from prison. McAllister claimed that he had never been adjudicated guilty of the charged crimes in accordance with Crim.R. 32(C). The court of appeals dismissed the petition.

{¶ 4} This cause is now before the court upon McAllister's appeal as of right.

{¶ 5} McAllister claims that he is entitled to the writ because his sentencing entry violated Crim.R. 32(C), which rendered his sentencing entry a nonappealable order.

{¶ 6} For the following reasons, McAllister's claim lacks merit.

{¶ 7} "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. McAllister had an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry. See, e.g., *Garrett v. Wilson*, Richland App. No. 07–CA–60, 2007-Ohio-4853, 2007 WL 2729847. In *Garrett*, the petitioner sought a writ of habeas corpus, claiming that the trial court had failed to make a finding of guilt, thus violating Crim.R. 32(C). However, the petitioner had already filed a motion requesting a revised sentencing entry, and the trial court had issued a nunc pro tunc sentencing entry containing a finding of guilt. The court of appeals dismissed the petition for a writ of habeas corpus because the deficiency had been corrected, and petitioner's remedy lay in an appeal from the revised entry.

{¶ 8} If the trial court refuses upon request to issue a revised sentencing entry, McAllister can then seek to compel the court to act by filing an action for a writ of mandamus or a writ of procedendo. *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 327, 691 N.E.2d 275; *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 401–402, 16 OBR 469, 476 N.E.2d 683; see also *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148.

{¶ 9} Moreover, McAllister cites no case in which a court has held that the failure to comply with Crim.R. 32(C) entitles an inmate to immediate release from prison; instead, the appropriate remedy is resentencing instead of outright release. Cf. *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4 ("habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement").

{¶ 10} Based on the foregoing, McAllister is not entitled to release from prison. Therefore, the court of appeals properly dismissed the petition because his claim is not cognizable in habeas corpus. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

John L. McAllister, pro se.

Nancy Hardin Rogers, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.