[Cite as *State ex rel. Staffrey v. D'Apolito*, 188 Ohio App.3d 56, 2010-Ohio-2529.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| The STATE ex rel. STAFFREY, | ) ) ) | CASE NO.    10 MA 59 |
| v. | ) ) ) ) ) | OPINION AND JUDGMENT ENTRY |
| D'APOLITO, Judge. | ) ) ) ) | |

CHARACTER OF PROCEEDINGS:        Petition for Writ of Mandamus and
                                 Procedendo.


JUDGMENT:                        Petition granted in part and denied in part.


APPEARANCES:

John Falgiani Jr., for relator.

Paul Gains, Mahoning County Prosecuting Attorney, for respondent.


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  June 4, 2010

Per Curiam.

{¶ 1} Relator, Daniel Staffrey Sr., has filed a petition for a writ of mandamus and procedendo against respondent, Judge Lou D'Apolito, Mahoning County Common Pleas Court. Relator asks that we compel the trial court to rule on his June 26, 2009 motion entitled, "Motion to Withdraw Guilty Plea (Crim.R. 32.1) Motion for Resentencing Request for Hearing." He also asks that we compel the trial court to set his case for a resentencing hearing. He urges that the sentencing entry in his case fails to specify that he pleaded guilty and thus the trial court must resentence him under *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.

{¶ 2} For the following reasons, relator's request for a writ is granted in part. Relator is entitled to have a ruling on his motion to withdraw his guilty plea. He is also entitled to have his sentence corrected under *Baker* because the sentencing entry's mention of a plea form does not establish that a guilty plea was the manner of conviction since a no-contest plea with a finding of guilt is an alternative means of conviction. However, relator is not entitled to a new sentencing hearing.

{¶ 3} Thus, we hereby issue a writ instructing the trial court to rule on relator's motion to withdraw his guilty plea and to issue a corrected sentencing entry under *Baker* that complies with Crim.R. 32(C), specifically one that denotes that the manner of conviction was by way of a guilty plea.

### STATEMENT OF THE CASE

{¶ 4} On June 26, 1996, relator pleaded guilty to rape, attempted aggravated murder, kidnapping, and aggravated burglary. In a December 11, 1996 judgment entry, the trial court sentenced relator to ten to 25 years on each of the rape, kidnapping, and aggravated-burglary counts, to run concurrently and five to 25 years on the attempted-aggravated-murder count, to run consecutively. The entry twice mentioned a plea form but did not disclose whether the plea had been guilty or no contest.

{¶ 5} Relator filed a timely appeal to this court. In that appeal, he raised two assignments of error concerning only his sentence. This court overruled his assignments and affirmed the trial court's decision. *State v. Staffrey* (June 25, 1999), 7th Dist. No. 96CA246.

{¶ 6} Ten years later, relator obtained counsel who filed a motion entitled "Motion to Withdraw Guilty Plea (Crim.R. 32.1) Motion for Resentencing Request for Hearing" on June 26, 2009. By this time, a different trial judge was presiding over the court in which relator had been sentenced. The motion claimed that he would not have pleaded guilty if he knew that he could receive an indefinite sentence and if he knew that shock probation or judicial release was not available. The motion raised issues of ineffective assistance of counsel regarding a lack of investigation, new sex-offender requirements, and new parole guidelines.

{¶ 7} Lastly, the motion argued that the trial court's judgment entry of conviction did not constitute a final, appealable order, because it failed to comply with Crim.R. 32(C), citing the requirements of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. Specifically, the motion stated that the sentencing entry failed to indicate the manner of conviction, i.e., that relator had pleaded guilty, and urged that the remedy is resentencing.

{¶ 8} The state did not respond but attended a status conference on the matter shortly thereafter. It is now ten months later, and the trial court has not ruled upon the motions contained within relator's June 26, 2009 filing.

{¶ 9} On April 8, 2010, relator filed the within petition for a writ of mandamus and procedendo.[1] The petition states that the sentencing entry failed to specify that relator pleaded guilty as required by *Baker*. The petition asks that we compel the trial court to rule on the issues raised in the June 26, 2009 motion and to set the case for a resentencing hearing. The state responds with various arguments. Before addressing these arguments, we will set forth some general law relevant to this action.

LAW

{¶ 10} The genesis of relator's sentencing argument is the Supreme Court's 2008 *Baker* case. *Baker* held that a conviction is not final and appealable unless it complies with Crim.R. 32(C), which rule states that a judgment of conviction shall set forth the

---

[1]Relator's original attempt to seek an extraordinary writ to compel the trial court to rule on his motion was filed on November 23, 2009. However, on February 16, 2010, this court dismissed his petition due to the failure to simultaneously provide an affidavit of prior civil actions under R.C. 2969.25(A). *State ex rel. Staffrey v. Mahoning Cty. Common Pleas Court*, 7th Dist. No. 09MA194, 2010-Ohio-616.

plea, the verdict or findings, and the sentence. *Baker*, 119 Ohio St.3d 197, at ¶10. The court pointed out that there are four ways to be convicted: by a guilty plea; by a no-contest plea and a finding of guilt by the court; by a jury verdict; or by a finding of guilt by a court after a bench trial. Id. at ¶12. These alternatives represent "the manner of the conviction." Id. at ¶14. The court held that a conviction is not final and appealable unless a single document contains the sentence and the manner of conviction, whether by guilty plea, a jury verdict, or the finding of the court upon which the conviction is based. Id. at ¶18-19.

{¶ 11} This holding applies retroactively, and a *Baker* violation can be argued even by a defendant who had previously appealed. *State ex rel. Culgan v. Medina Cty. Common Pleas Court*, 119 Ohio St.3d 535, 2008-Ohio-4609, ¶2-3, 10-11. For instance, where a 2002 sentencing entry merely stated that the defendant "has been convicted" without stating the means of conviction and where an appellate court thereafter affirmed the defendant's convictions in 2003, the Supreme Court still granted a writ to compel the trial court to issue a sentencing entry that complies with Crim.R. 32(C). Id. See also *State ex rel. Moore v. Krichbaum*, 7th Dist. No. 09MA201, 2010-Ohio-1541, ¶15 (expressing our misgivings but granting writ for revised sentencing entry even though defendant had been provided review of the merits of his case on direct appeal and in two additional resentencing appeals).

{¶ 12} Thus, the appropriate remedy for a *Baker* violation is a motion in the trial court for a corrected or revised sentencing entry. *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, ¶8, 10; *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, ¶7. If the trial court refuses upon request to issue a revised entry, either a writ of mandamus or a writ of procedendo can be granted. *Dunn*, 119 Ohio St.3d 364, at ¶ 9; *McAllister*, 119 Ohio St.3d 163, at ¶ 8. This is because procedendo and mandamus will lie when a trial court has refused to render or is unduly delaying the rendering of a judgment. *Culgan*, 119 Ohio St.3d 535, at ¶8. See also *Moore*, 7th Dist. No. 09MA201, at ¶7 (both writs require clear legal right of petitioner, clear legal duty on the part of respondent, and no adequate remedy at law).

{¶ 13} If warranted, the writ can be issued upon merely a complaint and answer, especially where the state asks for judgment on the pleadings. Notably, the Supreme

Court has reversed an appellate court's sua sponte dismissal of a petition for a writ, and the court then granted the writ and compelled the trial court to issue a sentencing entry in compliance with Crim.R. 32(C). See id. at ¶7, 11.

ANALYSIS

{¶ 14} Initially, the state argues that although relator captioned his motion below as both a motion to withdraw a guilty plea and a motion for resentencing, the body of the motion shows that it was solely a motion to withdraw a guilty plea. However, this construction is not supportable. That is, the June 26, 2009 filing is not merely a motion to withdraw a guilty plea.

{¶ 15} First, the caption established that relator not only sought plea withdrawal but also sought resentencing and a hearing. Thereafter, the motion argued that the sentencing entry did not constitute a final, appealable order because it failed to comply with the requirements of Crim.R. 32(A). The motion urged that *Baker* was dispositive. The motion specified that the sentencing entry failed to specify the required manner of conviction because it did not disclose that he pleaded guilty. The motion then alleged that when a sentencing entry is not in compliance with Crim.R. 32(C), the appropriate remedy is resentencing, citing three Supreme Court cases dealing with the effect of *Baker*.

{¶ 16} Although relator ended his discussion on the requirements of *Baker* with an argument that the trial court should allow plea withdrawal because there was never a final, appealable sentencing order, this does not mandate the conclusion that relator did not also seek resentencing due to a *Baker* violation. In fact, the motion concluded by asking for plea withdrawal *or in the alternative* for an order setting aside the judgment entry of conviction for failure to comply with Crim.R. 32(C) and setting the matter for resentencing and such other relief as is just. Thus, the state's argument (that the June 26, 2009 motion was solely a Crim.R. 32.1 motion to withdraw a guilty plea) is without merit.

{¶ 17} There is also a flaw in the state's rationale for making this argument. That is, the state argues that only a motion to withdraw a guilty plea was pending below, but that the current petition for a writ does not ask this court to compel the trial court to rule

on the motion to withdraw the guilty plea and instead only asks this court to compel the trial court to rule on the allegedly nonexistent motion for resentencing.

{¶ 18} However, the petition filed in this court quoted the entire caption as follows: "Motion to Withdraw Guilty Plea (Crim.R. 32.1)   Motion for Resentencing Request for Hearing." The petition noted that the motion "sought relief based upon various arguments including ineffective assistance of counsel and re-sentencing based upon the Ohio Supreme Court's decision and holding in the case of *State v. Baker*." Moreover, relator argued that he had a clear legal right to have his motion adjudicated and asked that the trial court be compelled "to proceed to ruling or judgment on the issues raised in Relator's Motion filed with the Mahoning County Court of Common Pleas on June 26, 2009 and for such other relief as is just."

{¶ 19} Thus, the petition for a writ seeks the trial court to rule on the entire June 26, 2009 motion. In other words, we read the petition as seeking an order compelling the trial court to rule on both the Crim.R. 32.1 motion to withdraw a guilty plea and the motion for resentencing under Crim.R. 32(C) and *Baker*.

{¶ 20} The state then alternatively suggests that a trial court has no jurisdiction to rule on a Crim.R. 32.1 motion to withdraw a guilty plea when the defendant's case has already been reviewed by an appellate court. See *State v. Parks*, 7th Dist. No. 08CA857, 2009-Ohio-4817, ¶7; *State ex rel. Parks v. Olivito*, 7th Dist. No. 08CA855, 2008-Ohio-4319, ¶3-4, both citing *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94.[2] However, if the trial court believes that it lacks jurisdiction to grant the Crim.R. 32.1 motion to withdraw a guilty plea, it should still issue a judgment entry on a pending motion. See *State ex rel. Parks*, 7th Dist. No. 08CA855, at ¶5-6 (where we issued a writ ordering the trial court to issue an entry on the defendant's motion to withdraw a guilty plea). "A litigant should be given the courtesy of a judgment entry expressing the trial court's belief that it does not have

---

[2]Cf. *State v. Asher* (Mar. 3, 1976), 7th Dist. No. 1183 (where the appellate court, in the direct appeal from the plea, had actually addressed the issues raised in the later plea withdrawal motion), which case was the basis for the Supreme Court's decision in *Special Prosecutors*, 55 Ohio St.2d 94. Also note that the issue of the scope of the *Special Prosecutors* holding is currently pending in the Ohio Supreme Court. *State v. Davis*, 124 Ohio St.3d 1422, 2010-Ohio-188 (accepting an appeal from 5th Dist. No. 09CA19, 2009-Ohio-5175).

jurisdiction to address a particular issue so that the litigant can challenge that entry on appeal, it the litigant chooses to do so." Id. at ¶ 5.

{¶ 21} The state next points out that relator asked for "resentencing" and currently asks for a new sentencing hearing. The state points out that a *Baker* violation does not provide a right to a new sentencing hearing. Thus, the state concludes that relator has no clear legal right to the particular relief requested and the court has no clear legal duty to perform as requested.

{¶ 22} It is true that a defendant has no right to a new sentencing hearing when the judgment entry fails to declare the means of conviction. *State ex rel. Moore v. Krichbaum*, 7th Dist. No. 09MA201, 2010-Ohio-1541, ¶17. See also *State ex rel. Alicea v. Krichbaum*, 7th Dist. No. 09MA213, 2010-Ohio-610, ¶8. Rather, the remedy is merely a revised sentencing entry. *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, ¶10-11; *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, ¶8; *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, ¶7.

{¶ 23} However, this court has found that a motion for resentencing under *Baker* sufficiently raised the issue of an insufficient judgment entry; thus, where the writ sought a new sentencing hearing, we granted a partial writ ordering the trial court to issue a new sentencing entry. *Moore*, 7th Dist. No. 09MA201, at ¶5, 17-18. Additionally, the Supreme Court has ordered a trial court to issue a revised sentencing entry when the defendant had actually filed in the trial court a motion to be resentenced. *Culgan*, 119 Ohio St.3d 535, at ¶4, 11. Consequently, the fact that relator seeks a greater remedy than he may be entitled to if *Baker* invalidates his sentencing entry does not bar any remedy at all from being imposed.

{¶ 24} Lastly, the state argues that the sentencing entry here does comply with *Baker* as it twice mentions a plea form. Although the mention of a plea form in the sentencing entry discloses that the means of conviction derived from a plea, it does not allow the reader to conclude whether the plea was guilty or no contest. *Baker* held that these two types of plea are distinct manners of conviction. *Baker*, 119 Ohio St.3d 197, at ¶12, 14. *Baker* also held that the sentencing entry is not final in the case of a guilty plea unless the document containing the sentence discloses that the manner of conviction was pursuant to a guilty plea. Id. at ¶18-19. Thus, the mere mention of a

plea form in a sentencing entry is not sufficient compliance with Crim.R. 32(C) and the requirements of *Baker*.

{¶ 25} Due to this deficiency, relator is entitled to a revised sentencing entry. See *Culgan*, 119 Ohio St.3d 535, at ¶4, 11; *Dunn*, 119 Ohio St.3d 364, at ¶8; *McAllister*, 119 Ohio St.3d 163, at ¶7; *Moore*, 7th Dist. No. 09CA201, at ¶15. Since the trial court has refused upon a motion sufficiently raising the issue to enter the revised sentencing entry to which relator is entitled, this court is authorized to enter a writ compelling the trial court to issue a corrected sentencing entry. See *Dunn*, 119 Ohio St.3d 364, at ¶8; *McAllister*, 119 Ohio St.3d 163, at ¶7 (defendant can seek writ if trial court refuses to issue revised entry).

{¶ 26} Lastly, respondent suggests that ten months is not undue delay. Respondent cites nothing to support that this delay is reasonable in a postjudgment motion such as this, especially where a prior writ had been filed, albeit dismissed on procedural grounds. "A writ of procedendo is appropriate when a court has *either* refused to render a judgment *or* has unnecessarily delayed proceeding to judgment." (Emphasis added.) *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532. Satisfaction of this test is established where respondent insists that relator is not entitled to a ruling at all.

CONCLUSION

{¶ 27} Relator's request for a writ is granted in part. The trial court is ordered to rule on relator's June 26, 2009 motion to withdraw a guilty plea. The trial court is also ordered to issue a revised sentencing entry that complies with Crim.R. 32(C) and *Baker*. Specifically, the court shall issue a sentencing entry that discloses that the manner of conviction was by way of a guilty plea. Because relator is not entitled to a new sentencing hearing, the part of his petition seeking us to compel a resentencing hearing is denied. Costs taxed against respondent.

Writ granted in part.

VUKOVICH, P.J., AND DONOFRIO and DEGENARO, JJ., concur.