[Cite as *State v. Staffrey*, 2011-Ohio-5760.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NOS. 10 MA 130 |
| PLAINTIFF-APPELLEE, | ) | 10 MA 131 |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| DANIEL STAFFREY, SR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
Court, Case No. 95CR819.

JUDGMENT:    Case No. 10MA130 is Affirmed; Case No.
10MA131 is Dismissed.


APPEARANCES:
For Plaintiff-Appellee:    Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503



For Defendant-Appellant:    Attorney John Falgiani, Jr.
8256 East Market Street
P.O. Box 8533
Warren, Ohio 44484


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 3, 2011

VUKOVICH, J.

¶{1} In these consolidated appeals, defendant-appellant Daniel Staffrey, Sr. appeals from two separate judgment entries issued by the Mahoning County Common Pleas Court in case number 95CR819. In that case number he pled guilty to rape, attempted aggravated murder, kidnapping and aggravated burglary. In case number 10MA131, Staffrey appeals from the trial court's July 2010 nunc pro tunc entry which corrected the previous December 1996 judgment of conviction and sentence in that case. The nunc pro tunc entry was issued because the 1996 judgment entry failed to include the means of conviction. Although he has previously appealed his 1996 sentence and conviction, Staffrey now asserts that he is entitled to a new appeal because the 1996 judgment was not a final appealable order when it did not contain the manner of conviction. In case number 10MA130, he is appealing the trial court's July 2010 denial of his motion to withdraw his guilty plea.

¶{2} Based upon the Ohio Supreme Court's recent pronouncement in *State v. Lester*, ___ Ohio St.3d ___, 2011-Ohio-5204, we find that the July 2010 nunc pro tunc order is not a new final order from which a new appeal may be taken. The nunc pro tunc order was merely used to correct a clerical omission. Consequently, for those reasons, the appeal in case number 10MA131 is dismissed. As to case number 10MA130, the trial court's decision denying the motion to withdraw the guilty plea is affirmed.

STATEMENT OF THE CASE

¶{3} On November 22, 1995, Staffrey was indicted by the Mahoning County Grand Jury for: rape in violation of R.C. 2907.02(A)(2); attempted aggravated murder in violation of R.C. 2923.02(A) and R.C. 2903.01(A); kidnapping in violation of R.C. 2905.01(A)(4); and aggravated burglary in violation of R.C. 2911.11(A)(3). All counts were first degree felonies and all counts were accompanied by firearm specifications.

¶{4} On June 27, 1996, Staffrey entered into a plea agreement whereby he pled guilty to the four counts in the indictment and the state recommended that the

firearm specifications be dismissed. The trial court accepted the guilty plea. He was sentenced on November 26, 1996. Staffrey received an aggregate sentence of fifteen to fifty years. 12/11/96 J.E. He was sentenced to ten to twenty five years on each of the rape, kidnapping and aggravated burglary convictions. 12/11/96 J.E. Those sentences were ordered to be served concurrent to each other. 12/11/96 J.E. For the attempted aggravated murder conviction, he received a five to twenty-five year sentence that was ordered to be served consecutive to the other sentences. 12/11/96 J.E.

¶{5} Staffrey appealed from his conviction and sentence. We affirmed the trial court's decision. *State v. Staffrey* (June 25, 1999), 7th Dist. No. 96CA246. The arguments asserted in that appeal concerned sentencing.

¶{6} In June 2009, Staffrey filed a Motion to Withdraw Guilty Plea (Crim.R. 32.1); Motion for Resentencing. The motion argued that Staffrey would not have pled guilty if he knew he would receive an indefinite sentence and that shock probation or judicial release was not available to him. The motion also argued that pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, the trial court's judgment of conviction did not constitute a final order because it failed to comply with Crim.R. 32(C).

¶{7} Since the trial court did not immediately rule on the motion, Staffrey filed a petition for a writ of mandamus and procedendo against the trial judge. *State ex rel. Staffrey v. D'Apolito*, 188 Ohio App.3d 56, 2010-Ohio-2529. We granted the writ in part. Id. at ¶27. We held that the trial court's judgment of conviction was not a final appealable order because it did not state the means of conviction and thus, it did not comply with Crim.R. 32 or *Baker*. Id. at ¶24. Thus, we stated that Staffrey was entitled to a revised sentencing entry that complies with Crim.R. 32 and *Baker*. Id. at ¶26. We also ordered the court to rule on the motion to withdraw the guilty plea. Id. at ¶27.

¶{8} On July 9, 2010, the trial court reissued the December 11, 1996 sentencing order and included the means of conviction. Thus, the new order complies with the mandates of Crim.R. 32 and *Baker*. A few days after the revised sentencing order, the trial court overruled the motion to withdraw the guilty plea. 07/12/10 J.E.

¶{9}    Staffrey appealed the July 9, 2010 and July 12, 2010 orders.  Following oral argument, we held the appeals in abeyance pending the Ohio Supreme Court's decision in *Lester*, supra.

<u>10MA131</u>
<u>FIRST, SECOND, THIRD AND</u>
<u>FOURTH ASSIGNMENTS OF ERROR</u>

¶{10} "APPELLANT'S CONVICTION SHOULD BE REVERSED FOR THE REASON THAT HE HAD INEFFECTIVE ASSISTANCE OF COUNSEL."

¶{11} "DEFENDANT'S CONVICTION SHOULD BE REVERSED AND IS UNCONSTITUTIONAL FOR THE REASON THAT THE OHIO ADULT PAROLE AUTHORITY'S USE OF GUIDELINES THAT DID NOT EXIST AT THE TIME OF DEFENDANT'S PLEA THEREFORE DEFENDANT'S PLEA WAS NOT ENTERED KNOWINGLY AND VOLUNTARILY."

¶{12} "THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW IN IMPOSING CONSECUTIVE SENTENCES WHERE THE COURT DID NOT FULLY CONSIDER THE STATUTORY FACTORS UNDER O.R.C. §§2929.14(E)(4) WHICH RESULTED IN A SENTENCE THAT IS: (A) UNCONSTITUTIONALLY DISPROPORTIONATE TO THE HARM COMMITTED; AND (B) IS DISPROPORTIONATE OR INCONSISTENT WITH OTHER SENTENCES OF SIMILAR OFFENDERS WHO COMMITTED SIMILAR OFFENSES."

¶{13} "THE TRIAL COURT ACTED CONTRARY TO LAW AND ABUSED ITS DISCRETION BY FAILING TO FULLY ADVISE APPELLANT OF THE AVAILABILITY OF PAROLE, PROBATION AND POST-COMMUNITY CONTROL."

¶{14} Although Staffrey raises multiple assignments of error in case number 10MA131, we need not address the merits of those arguments because the 2010 nunc pro tunc entry does not provide Staffrey with a second chance to appeal his conviction and sentence.  As previously explained, Staffrey was convicted in 1996, appealed that conviction and we affirmed that conviction in 1999.  *Staffrey*, 7th Dist. No. 96CA246.  Admittedly, the 1996 judgment entry from the Mahoning County Common Pleas Court did not contain the manner of conviction; it did not state that he pled guilty.  In 2008, the Ohio Supreme Court issued a decision that provided that Crim.R. 32 requires a

trial court "to sign and journalize a document memorializing the sentence and the manner of conviction; a guilty plea, a no contest plea upon which the court has made a finding of guilt, finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." *Baker*, supra, at ¶14. Our court and many other appellate courts read that line of *Baker* to mean that a judgment of conviction that does not contain the manner of conviction is not a final appealable order. *Lester*, supra, at ¶9.

¶{15} The Ohio Supreme Court has recently clarified *Baker* and explained that the failure to state the manner of conviction does not affect the judgment's finality.

¶{16} "We further observe that Crim.R. 32(C) clearly specifies the substantive requirements that must be included within a judgment entry of conviction to make it final for purposes of appeal and that the rule states that those requirements 'shall' be included in the judgment entry of conviction. These requirements are the *fact* of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk. All of these requirements relate to the essence of the act of entering a judgment of conviction and are a matter of substance, and their inclusion in the judgment entry of conviction is therefore required. Without these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02. A judgment entry of conviction that includes the substantive provisions places a defendant on notice that a final judgment has been entered and the time for the filing of any appeal has begun. *Tripodo,* 50 Ohio St.2d at 127; App.R. 4(A).

¶{17} "In contrast, when the substantive provisions of Crim.R. 32(C) are contained in the judgment of conviction, the trial court's omission of how the defendant's conviction was effected, i.e., the 'manner of conviction,' does not prevent the judgment of conviction from being an order that is final and subject to appeal. Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. In this regard, the identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction

was effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C).

¶{18} "* * *

¶{19} "Nevertheless, to the extent that *Baker* implies, or has been interpreted to require, that more than the fact of conviction and the substantive provisions of Crim.R. 32(C) must be set out in the judgment entry of conviction before it becomes a final order, we modify the holding in *Baker*. We hold that a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, supra, at ¶11-12, 14.

¶{20} The Court went on to explain that while a judgment of conviction that fails to state the manner of conviction is a final order, a defendant is still entitled to an order that conforms to Crim.R. 32(C). Id. at ¶15. Meaning even though it is a final order, the defendant is entitled to an order that contains the manner of conviction.

¶{21} Thus, the 1996 judgment of conviction which stated the fact of conviction was a final appealable order. However, Staffrey, upon his request, was entitled to a judgment of conviction that stated the manner of conviction. After direction from this court, the trial court issued a corrected judgment of conviction that stated the manner of conviction – that is the July 2010 order.

¶{22} Despite Staffrey's insistence to the contrary, he does not have the right to appeal from the July 2010 order that solely added the manner of conviction. In *Lester*, the Court explained that when the sole purpose of the nunc pro tunc entry is to add the manner of conviction, the entry was merely correcting a clerical mistake. Id. at ¶20. "Thus, the trial court's addition indicating how appellant's conviction was effected affected only the form of the entry and made no substantive changes." Id. The nunc pro tunc entry is not a new final order from which a new appeal may be taken. Id.

¶{23} Consequently, given the facts, the July 9, 2010 order is not a final order subject to appeal. Staffrey already exhausted the appellate process concerning his judgment of conviction; the nunc pro tunc entry does not give him the proverbial "second bite at the apple". The appeal is dismissed.

<u>10MA130</u>

<u>ASSIGNMENT OF ERROR</u>

¶{24} "THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN: 1. DENYING APPELLANT A HEARING ON HIS PRE-SENTENCE MOTION TO WITHDRAW GUILTY PLEA WHICH WAS FILED PURSUANT TO CRIMINAL RULE 32.1; AND, (2) FAILING TO APPLY THE APPLICABLE BALANCING TEST TO DETERMINE THE MOTION."

¶{25} In arguing their respective positions, both parties contend that the motion to withdraw a guilty plea must be considered a presentence motion. Their contention is based upon the Ohio Supreme Court's decision in *Boswell*. In that case, the Court held that a motion to withdraw a guilty plea made by a defendant whose sentence is void because the sentencing court failed to advise him/her of postrelease control is considered a presentence motion to withdraw a guilty plea. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, ¶9-10.

¶{26} The analysis that the parties use to conclude that the motion is a presentence motion is flawed. The *Boswell* line of cases indicate that a sentence can be void when there is no advisement of postrelease control or an incorrect sentence is rendered on postrelease control. The crimes committed in this case occurred in September 1995. Postrelease control was enacted as part of Senate Bill 2 and applies to crimes committed after July 1, 1996. *State v. Rush* (1998), 83 Ohio St.3d 53, 58; R.C. 2967.28. Thus, the case sub judice does not involve postrelease control and therefore postrelease control cannot provide a basis for concluding that the sentence was void.

¶{27} Furthermore, the fact that the 1996 judgment of conviction did not contain the manner of conviction, by itself, also does not provide a basis for finding the sentence void. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Court

specifically rejected the argument that the failure to comply with *Baker* rendered the sentence void. It explained:

**¶{28}** "Nothing in *Baker* discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth 'the sentence' in addition to other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is 'contrary to law.' Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable." Id. at ¶39.

**¶{29}** Likewise, it stated that a void judgment is one that has been imposed by a court that lacks subject matter jurisdiction over the case. Id. at ¶6. There is no basis to find that the sentence rendered in this case was imposed by a court that lacked subject matter jurisdiction. Although the 1996 judgment of conviction may not have contained the manner of conviction, there is no legal support for the argument that such a deficiency results in a void judgment. In fact, the Ohio Supreme Court has stated that the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction is not a violation of a statutorily mandated term and thus, does not render the judgment a nullity. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶19. See, also, *Lester*, supra.

**¶{30}** Consequently, as there is no basis to find the 1996 judgment void, the 2009 motion to withdraw the guilty plea must be treated as a post-sentence motion to withdraw a guilty plea. A post-sentence motion to withdraw a guilty plea can only be granted to correct a manifest injustice. Crim.R. 32.1. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. McQueen,* 7th Dist. No. 08MA24, 2008-Ohio-6589, at ¶7. Therefore, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith* (1977), 49 Ohio St.2d 261, 264. We will not disturb a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. *State v. Xie* (1992), 62 Ohio St.3d 521, 526. An abuse of

discretion is more than error of law or judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157. An evidentiary hearing is not warranted on a post-sentence motion to withdraw a guilty plea if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *State v. McFarland,* 7th Dist. No. 08JE25, 2009-Ohio-4391, ¶22, citing *State v. Bari,* 8th Dist. No. 90370, 2008-Ohio-3663, ¶9.

¶{31} Rather than attacking the motion on the merits, the state asserts that the trial court did not have jurisdiction to rule on the motion to withdraw the guilty plea pursuant to *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94. It is of the opinion that since the conviction was appealed and affirmed on appeal, the trial court is divested of jurisdiction to consider the matter any further.

¶{32} In *Special Prosecutors*, the trial court granted a defendant's motion to withdraw a guilty plea after a conviction and sentence based on the plea had been affirmed on appeal. The Ohio Supreme Court granted a writ of prohibition holding that:

¶{33} "[T]he trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matter within the compass of the judgment. Accordingly, we find that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." Id. at 97.

¶{34} Recently, the Ohio Supreme Court has further explained the holding in *Special Prosecutors*:

¶{35} "We did not decide *Special Prosecutors* based on the law-of-the-case doctrine. However, that doctrine would not prevent the trial court from considering the effect of previous decisions on Davis's newly-discovered-evidence claim. We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure. These motions provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences. The trial court acts as the

gatekeeper for these motions, and, using its discretion, can limit the litigation to viable claims only. In light of the foregoing, we hold that a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *State v. Davis*, ___ Ohio St.3d ___, 2011-Ohio-5028, ¶37.

¶{36} Therefore, merely because the defendant appealed the conviction and the cause was affirmed on appeal, does not mean that the trial court is necessarily deprived of jurisdiction over the Crim.R. 32.1 post-sentence motion to withdraw a guilty plea. That said, the argument in this case is that the motion to withdraw should be granted because the plea form contained the wrong penalties for attempted aggravated murder and that counsel was defective when he waived this defect in open court. Both of these arguments could have been raised in the 1999 appeal, however, they were not. The only issues raised in the appeal were sentencing issues. Multiple appellate courts have found that res judicata bars claims raised in a Crim.R. 32.1 post-trial motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding. *State v. Driskill*, 3d Dist. No. 10-08-10, 2009-Ohio-2100, ¶35; *State v. Combs*, 11th Dist. No. 2007-P-0075, 2008-Ohio-4158, ¶26; *State v. Tracy*, 5th Dist. No. 04-CA-25, 2005-Ohio-1613, ¶14; *State v. Young,* 4th Dist. No. 03CA782, 2004-Ohio-2711. Consequently, res judicata bars Staffrey from raising these arguments now.

¶{37} However, assuming arguendo that the arguments could be raised, the trial court's decision must still be affirmed. A review of the motion to withdraw indicates that the arguments made in the appellate brief are not the same as those argued to the trial court. While both contain an ineffective assistance of counsel claim, the arguments supporting that claim are different. The brief asserts that manifest injustice resulted when Staffrey was told in the plea form that the minimum term for attempted aggravated murder was four years and then at the sentencing hearing it was stated that that statement was incorrect and that the minimum term was five years. As a result, appellant maintains he was not advised of his potential sentence. However, in the motion, this argument did not appear. The motion discussed parole guidelines, sex offender classification, and shock parole. Consequently, as the

arguments raised in the brief were not raised to the trial court, we will not consider them for the first time on appeal. *State v. Robinson*, 7th Dist. No. 09MO6, 2010-Ohio-2698, ¶21. This assignment of error has no merit.

<u>CONCLUSION</u>

¶{**38**} In conclusion, case number 10MA131 is dismissed. The Ohio Supreme Court's decision in *Lester* is controlling; the July 2010 nunc pro tunc entry is not a new final order from which a new appeal may be taken. As to case number 10MA130, the trial court's decision denying the motion to withdraw the guilty plea is affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.