[Cite as *Staffrey v. D'Apolito*, 2018-Ohio-4193.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO ex rel. DANIEL STAFFREY, SR.,

Relator,

v.

JUDGE LOU D'APOLITO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 MA 0038

---

Writ of Procedendo

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Daniel Staffrey, Sr., Pro se*, #A332-476, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, Ohio 44044.

*Atty. Paul J. Gains*, Mahoning County Prosecutor and
*Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, Respondent.

Dated: October 12, 2018

**PER CURIAM.**

{¶1} Relator Daniel Staffrey Sr., proceeding on his own behalf, has filed a complaint for a writ of procedendo asking this Court to compel Respondent Judge Lou D'Apolito of the Mahoning County Common Pleas Court to rule on his June 12, 2017 petition for postconviction relief. Counsel for Respondent has filed a motion to dismiss indicating that Respondent has already ruled on the petition, and attached a copy of a April 27, 2018 judgment entry denying the petition.

{¶2} In 1995, the Mahoning County Grand Jury indicted Relator on charges of: rape in violation of R.C. 2907.02(A)(2); attempted aggravated murder in violation of R.C. 2923.02(A) and R.C. 2903.01(A); kidnapping in violation of R.C. 2905.01(A)(4); and aggravated burglary in violation of R.C. 2911.11(A)(3). All counts were first degree felonies and were accompanied by firearm specifications.

{¶3} Relator and the State of Ohio, represented by the Mahoning County Prosecutor's Office, reached a Crim.R. 11(F) plea agreement. The state agreed to drop all of the firearm specifications and remain silent as to a sentencing recommendation. In exchange, Relator pleaded guilty to rape, attempted aggravated murder, kidnapping, and aggravated-burglary. In a December 11, 1996 judgment entry, the trial court sentenced Relator to ten to twenty-five years on each of the rape, kidnapping, and aggravated-burglary counts, to run concurrently, and five to twenty-five years on the attempted-aggravated-murder count, to run consecutively. The entry twice mentioned a plea form but did not disclose whether Relator pleaded guilty or no contest.

{¶4} Relator then pursued a direct appeal of his conviction and sentence in this Court. During the pendency of his direct appeal, Relator filed a petition in the trial court for postconviction relief pursuant to R.C. 2953.21 on July 23, 1997. He presented five

claims for relief, one premised on ineffective assistance of trial counsel and the other four premised on the trial court's failure to sentence him pursuant to Senate Bill 2, which substantially amended Ohio's felony sentencing scheme for crimes committed on or after its effective date, July 1, 1996. Shortly thereafter, the state responded to Relator's petition for postconviction relief with a summary judgment motion.

{¶5} Meanwhile, this Court affirmed Relator's conviction and sentence. *State v. Staffrey*, 7th Dist. No. 96 CA 246, (June 25, 1999). Thereafter, on July 28, 2000, the trial court granted the state's summary judgment motion as to Relator's 1997 petition for postconviction relief, dismissed the petition, and issued findings of fact and conclusions of law. The court noted Relator's claim of ineffective assistance of counsel was supported only by his own self-serving declarations or affidavits which were insufficient to rebut the record before the court. As to Relator's remaining four claims concerning the trial court's failure to sentence him pursuant to Senate Bill 2, the court cited well-settled Ohio Supreme Court precedent that Senate Bill 2 applies to crimes committed on or after its effective date, July 1, 1996, and noted Relator's crimes were committed prior to that date. Relator did not appeal the trial court's July 28, 2000 decision dismissing his petition for postconviction relief.

{¶6} In June of 2009, Relator filed in the trial court a motion entitled, "Motion to Withdraw Guilty Plea (Crim.R.32.1); Motion for Resentencing, Request for Hearing." The motion argued that Relator would not have pled guilty if he knew he would receive an indefinite sentence and that shock probation or judicial release was not available to him. The motion also argued that pursuant to *State v. Baker,* 119 Ohio St.3d 197,

2008-Ohio-3330, 893 N.E.2d 163, the trial court's judgment of conviction did not constitute a final order because it failed to comply with Crim.R. 32(C).

**{¶7}** Since the trial court did not immediately rule on the motion, Relator filed in this Court a petition for a writ of mandamus and procedendo against the trial judge. We denied the petition on procedural grounds due to the failure to simultaneously provide an affidavit of prior civil actions as required by R.C. 2969.25(A). *State ex rel. Staffrey v. Mahoning Cty. Court of Common Pleas*, 7th Dist. 09-MA-194, 2010-Ohio-616.

**{¶8}** In 2010, Relator refiled an apparently procedurally compliant petition for a writ of mandamus and procedendo and this Court granted the writ in part. *State ex rel. Staffrey v. D'Apolito,* 188 Ohio App.3d 56, 2010-Ohio-2529, ¶ 27 (7th Dist.). We held that the trial court's judgment of conviction was not a final appealable order because it did not state the means of conviction and thus, it did not comply with Crim.R. 32 or *Baker. Id.* at ¶ 24. We stated that Relator was entitled to a revised sentencing entry that complies with Crim.R. 32 and *Baker. Id.* at ¶ 26. We also ordered the court to rule on the motion to withdraw the guilty plea. *Id.* at ¶ 27.

**{¶9}** On July 9, 2010, the trial court reissued the December 11, 1996 sentencing order and included the means of conviction, which complied with the mandates of Crim.R. 32 and *Baker.* A few days after the revised sentencing order, the trial court overruled the motion to withdraw the guilty plea and this Court affirmed the trial court's decision in that regard. *State v. Staffrey*, 7th Dist. 10 MA 130, 2011-Ohio-5760.

**{¶10}** Proceeding on his own behalf, Relator filed in the trial court a successive petition for postconviction relief on June 12, 2017, in which he argues his trial counsel

coerced him into rejecting a 9-year-term-of-imprisonment plea offer. Approximately seven months later, he also filed a motion requesting the court to conduct a hearing on his petition and issue findings of fact and conclusions of law.

{¶11} Again proceeding on his own behalf, on March 30, 2018 Relator filed in this Court the subject of the present action, his complaint for a writ of procedendo seeking to compel Respondent to rule on his June 12, 2017 petition for postconviction relief. Meanwhile, in the trial court below, the state filed a motion for judgment on the pleadings on April 5, 2018, and the trial court filed a judgment entry on April 30, 2018 dismissing Relator's petition for postconviction relief as untimely or, in the alternative, barred by the doctrine of *res judicata*.

{¶12} In the present proceedings, the state has now filed a combined answer and motion to dismiss citing to and attaching the trial court's April 30, 2018 judgment entry dismissing Relator's petition for postconviction relief.

{¶13} Generally, a petitioner may file for a writ of mandamus or for a writ of procedendo to compel a court to rule on a pending motion. However, "procedendo is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be used in doubtful cases." (Citation omitted.) *Pankey v. Mahoning Cty. Court of Common Pleas*, 7th Dist. No. 13 MA 27, 2013-Ohio-1617, ¶ 2. In order to be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Miley v. Parrott,* 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996).

Case No. 18 MA 0038

{¶14} As counsel for Respondent points out in their combined answer and motion to dismiss, Respondent ruled on Relator's motion on April 30, 2018, during the pendency of this matter. Respondent has attached as an exhibit to their combined answer and motion to dismiss a copy of the trial court's April 30, 2018 judgment entry dismissing Relator's June 12, 2017 petition for postconviction relief. Relator has pursued an appeal of the trial court's April 30, 2018 judgment entry and this appeal remains pending under appellate case no. 18 MA 0061.

{¶15} Since the trial court has ruled on his petition for postconviction relief, Relator's petition for a writ of procedendo before this Court is moot. "Neither procedendo nor mandamus may compel appellees to perform a duty already performed." *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990). As such, Relator's petition for writ of procedendo is hereby dismissed as moot.

{¶16} Final order. Clerk to service notice as provided by the Rules of Civil Procedure. Costs taxed to Petitioner.


**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**