[Cite as *State v. Staffrey*, 2018-Ohio-4916.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING  COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DANIEL M. STAFFREY,

Defendant-Appellant.

---

**OPINION  AND  JUDGMENT  ENTRY**
**Case No. 18 MA 0061**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 1995 CR 819

**BEFORE:**
Gene Donofrio, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains,* Prosecuting Attorney and *Atty.  Ralph Rivera*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503-1426, for Plaintiff-Appellee and

Daniel Staffrey, Inmate No. 332-476, Grafton Correctional Institution, 2500 South Avon-Belden Road, Grafton, Ohio 44044, for Pro Se Defendant-Appellant.

Dated: December 4, 2018

---

**Donofrio, J.**

{¶1}    Defendant-appellant, Daniel Staffrey, appeals from a Mahoning County Common Pleas Court judgment denying his petition for postconviction relief.

{¶2}    The facts as set out in appellant's direct appeal are as follows:

The events giving rise to this action culminated on September 29, 1995 when Daniel M. Staffrey, Sr. (appellant), broke into his ex-wife's * * * home. He thereafter held her against her will for approximately three hours during which time he repeatedly physically, sexually and verbally assaulted her. During this time, appellant additionally made threats to kill [her]. It was only after a period of several hours that [she] was able to persuade appellant to let her go.

Appellant was eventually indicted on November 22, 1995 by the Mahoning County Grand Jury. The indictment proposed four separate counts as follows: rape in violation of R.C. 2907.02(A)(2), a felony of the first degree; attempted aggravated murder in violation of R.C. 2923.02(A) and 2903.01(A), a felony of the first degree; kidnaping in violation of R.C. 2905.01(A)(4), a felony of the first degree; and aggravated burglary in violation of 2911.11(A)(3), a felony of the first degree. All four counts were accompanied by firearms specifications.

Appellant initially plead not guilty on all four counts. However, he subsequently withdrew his not guilty plea and entered a plea of not guilty by reason of insanity on all counts. Following an examination by a state appointed psychologist who found appellant competent to stand trial, appellant chose to enter into a plea agreement with the state. Pursuant to Crim.R. 11(F), appellant executed a plea agreement on June 27, 1996 in regards to all of the charges. In return for appellant entering pleas of guilty on the four first degree felonies, the state agreed to recommend that the

firearm specifications which accompanied all of the charges be dismissed. Furthermore, the state agreed to remain silent as to any recommendation to the court on sentencing.

The trial court held a sentencing hearing on November 26, 1996. At that time, the prosecution presented the victim of the crimes to offer her statement to the court. In an attempt to provide mitigating circumstances to the court regarding sentencing, appellant offered testimony from four witnesses on his behalf. Additionally, appellant, as well as his counsel, made statements to the court regarding the appropriate sentence in this case. Based upon the information obtained by the trial court at the sentencing hearing, a sentence of ten to twenty-five years was imposed on the counts of rape, kidnaping and aggravated burglary. Said terms of incarceration were ordered by the court to be served concurrently. Additionally, a five to twenty-five year sentence was imposed on the attempted aggravated murder count which was to be served consecutively with the ten to twenty-five year sentences.

*State v. Staffrey*, 7th Dist. No. 96 CA 246, 1999 WL 436719, *1 (June 25, 1999). This court affirmed appellant's convictions and sentence. *Id.*

{¶3} On June 26, 2009, appellant filed a "Motion to Withdraw Guilty Plea (Crim.R.32.1), Motion for Resentencing, Request for Hearing." When the motion was not resolved, appellant filed with this court a petition for writ of mandamus and/or procedendo to compel the trial court to resentence him in accordance with the Ohio Supreme Court case of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. This court denied the petition for lack of the appropriate affidavit. *State ex rel. Staffrey v. Mahoning Cty. Court of Common Pleas*, 7th Dist. No. 09-MA-194, 2010-Ohio-616.

{¶4} Next, appellant filed another petition for writ of mandamus and/or procedendo to compel the trial court to resentence him, this time with the appropriate affidavit. This court granted appellant's request for a writ in part. *State ex rel. Staffrey v. D'Apolito*, 7th Dist. No. 10 MA 59, 188 Ohio App.3d 56, 2010-Ohio-2529, 934 N.E.2d

388. We held that appellant was entitled to have a ruling on his motion to withdraw his guilty plea and to have his sentence corrected under *Baker* because the sentencing entry's mention of a plea form did not establish that a guilty plea was the manner of conviction. *Id.* But we held appellant was not entitled to a new sentencing hearing. *Id.*

**{¶5}** The trial court subsequently issued a revised sentencing entry and overruled appellant's motion to withdraw his plea. Appellant appealed and this court affirmed the trial court's denial of his motion to withdraw his plea. *State v. Staffrey*, 7th Dist. No. 10 MA 130, 2011-Ohio-5760.

**{¶6}** On June 12, 2017, appellant filed a petition to vacate or set aside judgment of conviction or sentence. The trial court dismissed appellant's petition without a hearing. It found appellant's petition to be untimely and, therefore, found it lacked jurisdiction to consider it. Additionally, the court noted that appellant's claims would be barred by the doctrine of res judicata.

**{¶7}** Appellant filed a timely notice of appeal on June 1, 2018. He now raises two assignments of error.

**{¶8}** Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶9}** Appellant argues his trial counsel forced and coerced him into rejecting the State's plea deal of a maximum sentence of nine years in prison. He claims he waited to file his postconviction petition until his family was able to locate the trial court's old bailiff and a Mahoning County Sheriff's Deputy, who were both present when he rejected the plea deal. Appellant claims that in April 1996, his trial counsel and his business partner came to him in jail and presented him with the nine-year plea deal. He alleged both his partner and his counsel advised him not to take the deal because they thought he could do better.

**{¶10}** Appellant also makes a claim that he entered into a plea deal where he would serve an aggregate sentence of four to 25 years, with all sentences to be served

concurrently. But appellant ended up entering a deal where the court sentenced him to serve 15 to 50 years. He asserts, therefore, that his plea was not knowingly entered.

**{¶11}** A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

**{¶12}** In this case, the transcripts were filed in appellant's direct appeal on December 23, 1996. Thus, approximately 22 years have passed since the filing of the transcripts in appellant's direct appeal.

**{¶13}** The requirement that a postconviction petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

**{¶14}** If a postconviction petition is filed beyond the time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

{¶15} Appellant's petition was clearly untimely. Additionally, it is a second or successive petition. Thus, the trial court was without jurisdiction to entertain it unless appellant demonstrated one of the two alternatives set out in R.C. 2953.23(A)(1)(a).

{¶16} Appellant has made no claim that the United States Supreme Court has recognized a new right that applies retroactively to him. Instead, appellant asserts he was unavoidably prevented from discovering the facts upon which his claim for relief is based. Specifically, appellant asserted in his petition that he "was unable to locate and obtain the necessary affidavits of some neutral parties [sic.] witnesses (ex-officers of the court) with knowledge of the incident until recently[.]" This is the only basis he offers for his petition's untimeliness. Attached to his petition are several affidavits of persons who averred either that appellant was first offered a nine-year plea deal, which his attorney advised him not to take, or that the trial court misinformed appellant of his sentence and his attorney waived that error.

{¶17} Nothing in the affidavits suggests that the affiants were unavailable for the last 22 years. Appellant offered no explanation for the delay other than he was "unable to locate and obtain" the affidavits until recently. Yet he offers no further explanation.

{¶18} Moreover, appellant stated in the petition that he "knew at the conclusion of his sentence the alleged ineffective assistance of his counsel based [on] the prejudice that arises under Strickland v. Washington, when trial counsel's deficient performance to reject a plea deal that would have resulted in a lower sentence." Thus, appellant admits he has been aware of this alleged error since 1996.

{¶19} Based on the above, appellant has not demonstrated he was unavoidably prevented from discovering the facts upon which his claim for relief is based. By his own admission, he knew of the facts since 1996.

{¶20} Thus, the trial court properly dismissed appellant's petition for lack of jurisdiction.

{¶21} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶22} Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION RELIEF PETITION WHERE HE PRESENTED

SUFFICIENT EVIDENCE DEHORS THE RECORD TO MERIT AN EVIDENTIARY HEARING.

**{¶23}** Appellant contends the trial court should have held an evidentiary hearing on his postconviction petition.

**{¶24}** Because the trial court was without jurisdiction to entertain appellant's petition, it could not have held a hearing on the matter.

**{¶25}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P. J., concurs

Bartlett, J., concurs

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**