[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Staffrey*, Slip Opinion No. 2025-Ohio-2889.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2889

THE STATE OF OHIO, APPELLANT, *v.* STAFFREY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Staffrey*, Slip Opinion No. 2025-Ohio-2889.]**

*Criminal law—R.C. 2929.20 judicial release—The definition of "eligible offender" for purposes of judicial release under R.C. 2929.20 includes only those offenders serving a "stated prison term"—An offender serving an indefinite sentence imposed under pre-S.B 2 law is not serving a "stated prison term" as defined in R.C. 2929.01 and thus does not qualify as an "eligible offender" under R.C. 2929.20—Court of appeals' judgment reversed and cause remanded to trial court.*

(No. 2024-0108—Submitted February 12, 2025—Decided August 19, 2025.)

APPEAL from the Court of Appeals for Mahoning County,

No. 23 MA 0034, 2023-Ohio-4746.

_____

HAWKINS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, DETERS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented, with an opinion.

**HAWKINS, J.**

{¶ 1} Under R.C. 2929.20, only an "eligible offender" may be granted judicial release.[1] The question before this court is whether the term "eligible offender" includes offenders sentenced to indefinite prison terms under statutes that were in effect before the July 1, 1996 effective date of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("S.B. 2"). We conclude that it does not.

{¶ 2} To be an "eligible offender" for judicial release under R.C. 2929.20, the offender necessarily must be serving a "stated prison term," which, by definition, excludes an indefinite sentence imposed under pre-S.B. 2 law. Because the Seventh District Court of Appeals held otherwise in determining that appellee, Daniel Staffrey, is an eligible offender for purposes of judicial release under R.C. 2929.20, we reverse its judgment and remand this cause to the trial court for it to enter an order denying Staffrey judicial release.

## I. BACKGROUND

{¶ 3} In 1996, Staffrey pled guilty to charges of rape, attempted aggravated murder, kidnapping, and aggravated burglary—all first-degree felonies that arose from acts he committed on September 29, 1995.[2] The trial court imposed an aggregate indefinite prison sentence of 15 to 50 years.

---

1. Unless otherwise indicated, all citations to R.C. 2929.20 in this opinion refer to the version of the statute that was in effect in December 2021 when Staffrey filed his motion for judicial release, *see* 2018 Am.Sub.S.B. No. 201 (effective March 22, 2019), and thus controls our analysis in this case, *see State v. Kennedy*, 2024-Ohio-5728, ¶ 1, fn. 1.

2. Decades of litigation detail the facts underlying Staffrey's convictions and his various legal challenges. *See State v. Staffrey*, 1999 Ohio App. LEXIS 2959, *1-6 (7th Dist. June 25, 1999); *Staffrey v. State*, 2009-Ohio-4294, ¶ 2 (5th Dist.); *State ex rel. Staffrey v. Mahoning Cty. Court of*

{¶ 4} Staffrey challenged the indefinite nature of the sentence on direct appeal, arguing that under S.B. 2's scheme, the trial court should have imposed a definite sentence. *See State v. Staffrey*, 1999 Ohio App. LEXIS 2959, *4-7 (7th Dist. June 25, 1999). The Seventh District rejected Staffrey's argument after determining that the date Staffrey committed the crimes, which was before the July 1, 1996 effective date of S.B. 2, controls which sentencing provisions apply. *Id.*, following *State v. Rush*, 1998-Ohio-423. Staffrey did not appeal that judgment.

{¶ 5} In 2009, Staffrey filed a motion to withdraw his guilty plea under Crim.R. 32.1. *See State v. Staffrey*, 2011-Ohio-5760, ¶ 1, 4-6 (7th Dist.). He argued that he would not have pled guilty had he known that he would receive an indefinite sentence without the option for judicial release. *See id.* at ¶ 6. The trial court denied his motion, and on Staffrey's appeal, the Seventh District rejected Staffrey's argument on procedural grounds and affirmed the trial court's judgment. *Id.* at ¶ 6, 8, 37-38.

{¶ 6} More than a decade later, on December 17, 2021, Staffrey filed the motion for judicial release under R.C. 2929.20 that is at issue here. Staffrey did not cite any division of R.C. 2929.20 to support his eligibility to file the motion but contended that (1) he is "a person serving a stated prison term of 15 to 50 years," (2) he "has been in custody since October 28, 1995, and has been in prison since January 2, 1997," and (3) as of the date of his motion, he "has served 26 years . . . and therefore has served more than half of his stated prison term." Staffrey characterized himself as a "model prisoner."

{¶ 7} Appellant, the State of Ohio, responded to Staffrey's motion, arguing that Staffrey is not serving a "stated prison term" as required by R.C. 2929.20 but is instead serving an indefinite prison term, so his being released early from his

---

*Common Pleas*, 2010-Ohio-616, ¶ 2-4 (7th Dist.); *State ex rel. Staffrey v. D'Apolito*, 2010-Ohio-2529, ¶ 4-9 (7th Dist.); *State v. Staffrey*, 2011-Ohio-5760, ¶ 1-9 (7th Dist.); *State ex rel. Staffrey v. D'Apolito*, 2018-Ohio-4193, ¶ 1-11; *State v. Staffrey*, 2018-Ohio-4916, ¶ 1-7 (7th Dist.); 2023-Ohio-4746, ¶ 2-8 (7th Dist.) (this case).

sentence is a consideration for the Ohio Parole Board. The State noted that the parole board had recently denied Staffrey parole and would again consider him for parole in July 2023. The victim of Staffrey's crimes objected to his motion for judicial release because of safety concerns and cited parole-board decisions denying Staffrey parole seven times from 2010 to 2021.

{¶ 8} The trial court held a hearing on the motion for judicial release on February 28, 2023. Staffrey appeared and was represented by counsel. At the hearing, the State reiterated its position that Staffrey is ineligible for judicial release given the nature of his sentence. Both the victim and her daughter (an adult child the victim shares with Staffrey) spoke at the hearing against releasing Staffrey, while Staffrey and his brother spoke in support of his release.

{¶ 9} The trial court granted Staffrey's motion for judicial release at the conclusion of the hearing. It did not make a determination that Staffrey was eligible for judicial release under R.C. 2929.20 but instead remarked that "ineligibl[ity] for judicial release . . . [was not] a barrier" since "there are legal . . . avenues to release any prisoner." The trial court then determined that Staffrey was entitled to judicial release based on his prison record; a doctor's psychological report examining the "likelihood of Mr. Staffrey's future dangerousness"; the number of letters written in support of his early release; his completion of 27 years of his sentence at the time of the hearing, including the mandatory portion of his sentence; and constitutional implications arising from what the trial court described as the "out of line" and "disproportionate" sentence imposed in Staffrey's case. The trial court placed Staffrey on community control for five years and denied the State's motion to stay judicial release. On March 2, 2023, the trial court issued a judgment entry memorializing its decision with reasoning that mirrored its statements at the hearing.

{¶ 10} The State appealed and moved to stay the trial court's judgment pending appellate review. The Seventh District denied the motion and ultimately

affirmed the trial court's judgment. The court of appeals reasoned that in 2011, the General Assembly amended the definition of "eligible offender" in R.C. 2929.20 to expand its reach by including a temporal qualification: "while most of the provisions of [S.B.] 2 have no retroactive effect," the court said, the General Assembly amended R.C. 2929.20 in 2011 Am.Sub.H.B. No. 86 ("H.B. 86") "to include a new effective date, and for the first time provided an eligibility date." 2023-Ohio-4746, ¶ 16, 20 (7th Dist.). Specifically, the court said that R.C. 2929.20 "now defines an eligible offender as 'any person who, *on or after April 7, 2009,* is serving a stated prison term that includes one or more nonmandatory prison terms.'" (Emphasis added.) *Id.* at ¶ 18, quoting R.C. 2929.20(A)(1)(a). In the court of appeals' view, it "appears clear" from the language of R.C. 2929.20 as amended by H.B. 86 that "any offender who is serving at least one nonmandatory sentence on or after April 7, 2009," and who already completed any mandatory terms "is eligible for judicial release." *Id.* at ¶ 20-21. The Seventh District concluded that Staffrey met the amended definition of "eligible offender" because when he filed his motion for judicial release in December 2021, he had served his entire mandatory term and was serving a nonmandatory term. *Id.* at ¶ 21-23.

{¶ 11} The State appealed, and this court accepted jurisdiction over the following two propositions of law:

> Proposition of Law No. 1: Offenders serving indefinite sentences under pre-Senate Bill 2 sentencing statutes are ineligible for judicial release under R.C. 2929.20.
>
> Proposition of Law No. 2: Offenders serving indefinite sentences under pre-Senate Bill 2 sentencing statutes are not "eligible offenders" under R.C. 2929.20(A)(1)(a).

*See* 2024-Ohio-1228.

## II. ANALYSIS

{¶ 12} In determining that Staffrey is eligible for judicial release, the court of appeals reasoned that the General Assembly amended R.C. 2929.20 in 2011 to expand judicial-release eligibility to include offenders who were sentenced under the statutory scheme in place before S.B. 2 took effect and thereby carved out an exception to the general rule that S.B. 2 does not apply retroactively. *See* 2023-Ohio-4746 at ¶ 10-11, 14-20 (7th Dist.). We disagree. Even if the 2011 amendments to R.C. 2929.20 apply retroactively to Staffrey (something we merely assume today for the sake of our analysis), the amended definition of "eligible offender" in R.C. 2929.20(A)(1)(a) continues to incorporate the threshold requirement that the offender be serving a "stated prison term"—a defined term that includes only a narrow class of indefinite sentences not implicated in this case, *see* R.C. 2929.01(FF) and (GGG). Considering the plain language of R.C. 2929.20, Staffrey is ineligible for judicial release.

### A. *Ohio Sentencing Reforms: S.B. 2, H.B. 86, and S.B. 201*

{¶ 13} The parties refer to three significant sentencing reforms enacted by the General Assembly over the past 30 years: S.B. 2, H.B. 86, and 2018 Am.Sub.S.B. No. 201 ("S.B. 201"). S.B. 2, which took effect on July 1, 1996, constituted the General Assembly's comprehensive revision of Ohio's criminal code in accord with recommendations advanced by the then–newly created Ohio Criminal Sentencing Commission to achieve "'truth in sentencing,' meaning that the sentence imposed by the judge is the sentence that is served, unless altered by the judge." *State v. Anderson*, 2015-Ohio-2089, ¶ 14, 22, quoting *Woods v. Telb*, 2000-Ohio-171, ¶ 13. To help realize this goal, the General Assembly eliminated indefinite sentences, *see id.* at ¶ 22, and created an opportunity for sentence reduction through judicial release under R.C. 2929.20. S.B. 2, 146 Ohio Laws, Part IV, at 7464, 7487. In *Rush*, we held that the amended sentencing provisions of S.B. 2 apply only to those offenders who committed crimes on or after the act's July 1,

6

1996 effective date. 1998-Ohio-423 at paragraph two of the syllabus; *see also* Diroll, *Thoughts on Applying S.B. 2 to "Old Law" Inmates*, Ohio Criminal Sentencing Commission, https://www.supremecourt.ohio.gov/Boards/Sentencing /resources/general/SB2.pdf (accessed May 30, 2025) [https://perma.cc/7NBJ-FM2S].

{¶ 14} The second sentencing reform referred to by the parties is H.B. 86, which took effect on September 30, 2011. With H.B. 86, the General Assembly endeavored "to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." *State v. Taylor*, 2014-Ohio-460, ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011), https://www.lsc.ohio.gov /assets/organizations/legislative-service-commission/files/2012-local-impact-statement-report-house-bill-86.pdf (accessed May 30, 2025) [https://perma.cc/V4G6-BE32]. H.B. 86 reduced the minimum and maximum sentences for many offenders convicted of nonviolent felonies, expanded intervention in lieu of conviction and mandatory community-control sanctions, *State v. Thomas*, 2016-Ohio-5567, ¶ 13, and, pertinent to this appeal, expanded judicial-release eligibility. Diroll, Ohio Criminal Sentencing Commission, *H.B. 86 Summary: The 2011 Changes to Criminal and Juvenile Law* (Sept. 26, 2011), http://www.supremecourt.ohio.gov/Boards/Sentencing/resources/summaries/HB8 6Summary.pdf (accessed May 30, 2025) [https://perma.cc/TQE8-WR3U]. The reduced-sentence provisions of H.B. 86 apply to those offenders who committed crimes on or after the act's September 30, 2011 effective date, as well as to unsentenced offenders who committed crimes before the act's effective date. *Thomas* at ¶ 16-17. The H.B. 86 changes to judicial release apply to "any judicial release decision" made on or after the act's effective date for "any eligible offender." R.C. 2929.20(M).

{¶ 15} The last sentencing reform referred to by the parties is S.B. 201, often called "the Reagan Tokes Law," which took effect on March 22, 2019. In S.B. 201, the General Assembly revived indefinite sentencing for offenders convicted of first- or second-degree felonies for which life imprisonment is not an available sentence: the sentencing court must now choose a minimum prison term from a range of possibilities, and the minimum prison term dictates the maximum prison term. *See State v. Hacker*, 2023-Ohio-2535, ¶ 7, citing R.C. 2929.14(A)(1)(a) and (A)(2)(a) and R.C. 2929.144(B)(1); *see also* Ohio Criminal Sentencing Commission, *SB 201–The Reagan Tokes Law, Indefinite Sentencing Quick Reference Guide* (July 2019), https://www.supremecourt.ohio.gov/Boards /Sentencing/resources/SB201/SB201QRG.pdf (accessed June 1, 2025) [https://perma.cc/4P7M-L4JG]; Hobday, Ohio Legislative Service Commission, *Bill Analysis, Sub. S.B. 201*, 132nd General Assembly, https://www.legislature.ohio.gov/download?key=10856&format=pdf (accessed June 1, 2025) [https://perma.cc/WH7S-YSD8]. Only those offenders convicted of first- and second-degree felonies "committed on or after March 22, 2019"—the effective date of the act—are subject to indefinite sentencing under the S.B. 201 amendments. R.C. 2929.14(A)(1) and (A)(2).

{¶ 16} The State argues that an offender sentenced before S.B. 2 took effect cannot be an "eligible offender" for purposes of R.C. 2929.20 under *Rush*, 1998-Ohio-423, since in that case, this court concluded that S.B. 2—and therefore, in the State's view, judicial release—is inapplicable to offenders who committed crimes before July 1, 1996. The State additionally contends that Staffrey's sentence itself disqualifies him for judicial release since the statutory definitions underlying eligibility for judicial release distinguish indefinite sentences imposed under S.B. 201 (offender is eligible for judicial release) from indefinite sentences imposed under pre-S.B. 2 law (offender is ineligible for judicial release). Staffrey counters that the H.B. 86 amendments to R.C. 2929.20 expanded eligibility for judicial

release to include any person who, on or after April 7, 2009, is serving a nonmandatory prison term. As explained below, Staffrey's argument concerning H.B. 86 does not account for terms incorporated into R.C. 2929.20 that plainly limit the scope of the term "eligible offender."

*B. R.C. 2929.20 directs which offenders are eligible for judicial release*

**{¶ 17}** The meaning of statutory language is a question of law, and we review questions of law de novo. *State v. Vanzandt*, 2015-Ohio-236, ¶ 6. "[W]e first look to the plain language of the statute, and if that language is unambiguous and definite, we apply it as written." *State v. Pettus*, 2020-Ohio-4836, ¶ 10.

**{¶ 18}** In assessing the language of a statute, "a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body." *State v. Wilson*, 1997-Ohio-35, ¶ 9. The court "must 'read words and phrases in context and construe them in accordance with rules of grammar and common usage' " in a manner that does "not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording." *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 2012-Ohio-1484, ¶ 18, quoting *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 11.

**{¶ 19}** In the context of reviewing judicial-release statutes, we must also consider that "[c]ourts have no inherent power to suspend execution of a sentence" and "must strictly construe statutes allowing such relief." *State v. Ware*, 2014-Ohio-5201, ¶ 12, citing *State v. Smith*, 42 Ohio St.3d 60, 61 (1989); *see also id.* (noting that judicial release, which is a conditional release before the expiration of a valid sentence, "is a privilege, not an entitlement").

**{¶ 20}** Judicial release under R.C. 2929.20 is reserved for "eligible offender[s]." R.C. 2929.20(B) (the sentencing court may reduce an "eligible offender's" aggregated nonmandatory prison term or terms through a judicial release); R.C. 2929.20(C) (permitting only "eligible offender[s]" to file motions for

judicial release). So under the statute, a trial court is not authorized to grant judicial release to an ineligible offender. *See* R.C. 2929.20(B); *State v. Cunningham*, 2007-Ohio-1245, ¶ 23 ("a trial court may grant judicial release and modify a sentence only as provided for by statute"); *Ware* at ¶ 20, quoting *State v. Beasley*, 14 Ohio St.3d 74, 76 (1984) ("'Clemency is a function of the Executive branch and the courts are without authority to free guilty defendants absent a specific legislative enactment.'").

{¶ 21} The term "eligible offender" is defined in R.C. 2929.20(A)(1)(a) as "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms" and who does not fall under one of the excluded categories of offenders listed in R.C. 2929.20(A)(1)(b).

{¶ 22} In Staffrey's view, the General Assembly's 2011 amendment of R.C. 2929.20(A)(1)(a) in H.B. 86 to include the phrase "any person *who, on or after April 7, 2009*," expanded the class of eligible offenders to reduce prison populations and save costs. (Emphasis added.) Even if that assertion is true, Staffrey's analysis of the statute's text is incomplete.

{¶ 23} As the State argues in support of its second proposition of law, by focusing on the temporal aspects of the H.B. 86 amendment, Staffrey fails to consider the entire definition of "eligible offender" in R.C. 2929.20(A)(1)(a). Even after the 2011 effective date of H.B. 86, in making "any judicial release decision," the offender's sentencing court must determine whether the offender is an "eligible offender" and the definition of "eligible offender" continues to restrict the availability of judicial release to those offenders who are serving a "stated prison term." R.C. 2929.20(A)(1)(a), (B), (C), and (M).

{¶ 24} As used in R.C. Ch. 2929, "stated prison term" is defined as "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to" R.C. 2929.14 (definite prison terms and certain indefinite prison terms), 2929.142 (mandatory

prison terms for aggravated vehicular assault), 2971.03 (sentencing for sexually-violent-predator specification), or 2919.25 (sentencing for domestic-violence offense). R.C. 2929.01(FF)(1).

{¶ 25} R.C. 2929.01(FF)(2) specifies that the phrase "prison term" as used in the definition of "stated prison term" is comprised of three categories: (1) "a definite prison term imposed under [R.C. 2929.14] or any other provision of law," (2) "the minimum and maximum prison terms under a non-life felony indefinite prison term," or (3) "a term of life imprisonment except to the extent that the use of that definition in a section of the Revised Code clearly is not intended to include a term of life imprisonment."

{¶ 26} "Non-life felony indefinite prison term" is not an amorphous "catch-all" category but is defined to encompass only "a prison term imposed under division (A)(1)(a) or (2)(a) of [R.C. 2929.14 and R.C. 2929.144] for a felony of the first or second degree *committed on or after March 22, 2019*." (Emphasis added.) R.C. 2929.01(GGG). The references to R.C. 2929.14(A)(1)(a) and (A)(2)(a) and R.C. 2929.144 in R.C. 2929.01(GGG) relate to felony-law sentencing amendments associated with S.B. 201 that expressly apply to felonies committed on or after March 22, 2019. *See Hacker*, 2023-Ohio-2535, at ¶ 7; R.C. 2929.14(A)(1)(a) (aside from certain exceptions, "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to [R.C. Ch. 2929], the court shall impose . . . [f]or a felony of the first degree committed on or after March 22, 2019 [the effective date of S.B. 201], . . . an indefinite prison term" with certain minimum and maximum terms); R.C. 2929.14(A)(2)(a) ("For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term" with certain minimum and maximum terms; R.C. 2929.144 (addressing minimum and maximum terms for prison terms imposed under R.C. 2929.14(A)(1)(a) and (A)(2)(a) for "a qualifying felony of the first or second degree" and specifying that as used in R.C. 2929.144,

the term "'qualifying felony of the first or second degree' means a felony of the first or second degree committed on or after [March 22, 2019]'").

{¶ 27} The text of the relevant statutes is clear: the definition of "stated prison term" and incorporated definition of "non-life felony indefinite prison term" do not include indefinite sentences imposed under the pre-SB 2 scheme. *See* R.C. 2929.01(FF) (defining "stated prison term"); R.C. 2929.01(GGG) (defining "non-life felony indefinite prison term"). Accordingly, although the parties raise arguments concerning the legislative intent underlying the S.B. 2 and H.B. 86 reforms and the availability of shock probation, further analysis is unnecessary and we apply R.C. 2929.20 as written. *See Trumbull Cty. v. Purdue Pharma, L.P. (In re Natl. Prescription Opiate Litigation)*, 2024-Ohio-5744, ¶ 32 (legislative history and other considerations, such as policy arguments, are irrelevant to interpretation of statutory language when statutory text is unambiguous); *Pettus*, 2020-Ohio-4836, at ¶ 18 (when a statute is unambiguous, we apply it as written).

### C. Staffrey is ineligible for judicial release under R.C. 2929.20

{¶ 28} The parties do not dispute that Staffrey was convicted of four first-degree felonies for acts he committed in 1995 and that he was sentenced under pre-S.B. 2 law. The applicable sentencing laws required the trial court to impose an indefinite term of imprisonment with a minimum and maximum range. *See* former R.C. 2929.11(A) and (B), 143 Ohio Laws, Part I, 1308, 1433 (effective November 20, 1990) ("Whoever is convicted of or pleads guilty to a felony . . . shall be imprisoned for an indefinite term . . . consist[ing] of a maximum term as provided in this section and a minimum term fixed by the court as provided in this section."). The parties additionally agree that, consistent with the relevant statutes, the trial court sentenced Staffrey to 15 to 50 years of imprisonment for his crimes.

{¶ 29} Under the applicable statutory definitions, the indefinite sentence that Staffrey is serving is not a "stated prison term." *See* R.C. 2929.01 (FF) and (GGG). As a result, he is not an "eligible offender" under R.C. 2929.20(A)(1)(a).

Because this determination is dispositive, we decline to address the parties' remaining arguments. *See Capital Care Network of Toledo v. Ohio Dept. of Health*, 2018-Ohio-440, ¶ 31.

### III. CONCLUSION

{¶ 30} The definition of "eligible offender" for purposes of judicial release under R.C. 2929.20 includes only those offenders serving a "stated prison term." R.C. 2929.20(A)(1)(a). An offender serving an indefinite sentences imposed under pre-S.B 2 law is not serving a "stated prison term" as defined in R.C. 2929.01 and thus does not qualify as an "eligible offender" under R.C. 2929.20. Because Staffrey is not serving a "stated prison term," he is ineligible for judicial release. The judgment of the Seventh District Court of Appeals is therefore reversed, and the cause is remanded to the trial court to enter an order denying Staffrey judicial release.

Judgment reversed

and cause remanded to the trial court.

_____

**BRUNNER, J., dissenting.**

{¶ 31} I would affirm the judgment of the Seventh District Court of Appeals based on the plain language of R.C. 2929.20[3] and find that appellee, Daniel Staffrey, was an "eligible offender" under R.C. 2929.20, for purposes of judicial release. R.C. 2929.20(A)(1) defines "eligible offender" as "*any person* who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." (Emphasis added.) Because Staffrey met the criteria to be considered an eligible offender for judicial release, the trial court and court of appeals did not err in reviewing his motion for judicial release.

---

3. Unless otherwise indicated, all citations to R.C. 2929.20 in this opinion refer to the version of the statute that was in effect in December 2021 when Staffrey filed his motion for judicial release, *see* 2018 Am.Sub.S.B. No. 201 (effective March 22, 2019), and thus controls the analysis in this case, *see State v. Kennedy*, 2024-Ohio-5728, ¶ 1, fn. 1.

{¶ 32} In explaining my reasons for these conclusions, I rely on the majority opinion's recitation of the facts and procedural history of this case, its general overview of Ohio Sentencing Reforms (Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ["S.B. 2"]; 2011 Am.Sub.H.B. No. 86 ["H.B. 86"]; and 2018 Am.Sub.S.B. No. S.B. 201), and its recitation of precedent relevant to applying statutes.[4]

{¶ 33} But I part ways with the majority's conclusion that "eligible offender," as that term is used in R.C. 2929.20, does not include offenders sentenced to indefinite prison terms under statutes in effect before July 1, 1996, the effective date of S.B. 2. *See* majority opinion, ¶ 2.

{¶ 34} Under this court's precedent, when reviewing statutes, "[t]he question [courts must ask] is not what did the general assembly *intend* to enact, but *what is the meaning* of that which it did enact." (Emphasis added.) *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. Interpretation of a statute is unnecessary when the plain language of the statute is clear. *State v. Fork*, 2024-Ohio-1016, ¶ 13; *id* at ¶ 17 ("We begin and end our analysis with the plain language of [the relevant] statutes."); *State v. Jones*, 2022-Ohio-4485, ¶ 30, 33 (Kennedy, J., concurring in part and dissenting in part).

{¶ 35} The language of R.C. 2929.20 requires no speculation about what the General Assembly intended. Since its amendment in 2011 by H.B. 86, R.C. 2929.20 has defined "eligible offender" as "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." R.C. 2929.20(A)(1). As noted by the court of appeals, "it appears that the revised version of the statute essentially carves judicial release out of the eligibility requirements of the remaining S.B. 2 provisions by providing separate eligibility

---

4. The majority's recitation of the evidence that was presented at the judicial-release hearing is relevant and necessary only to determine whether Staffrey met the criteria to be considered an eligible offender for judicial release and not to judge or reweigh the evidence, except for the purpose of an abuse-of-discretion review. *See State v. Jones*, 2025-Ohio-1926, ¶ 13 (5th Dist.), and *State v. Dillard*, 2024-Ohio-5845, ¶ 15 (4th Dist.).

requirements." 2023-Ohio-4746, ¶ 18 (7th Dist.). In my view, the plain language of R.C. 2929.20 means what it says: "any person, who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms" is an "eligible offender." The General Assembly could have said that an "eligible offender" is "any person who, on or after April 7, 2009, is serving a stated prison term *imposed after July 1, 1996*, that includes one or more nonmandatory prison terms." But it did not say that or in any other way carve out such a temporal exception.

{¶ 36} Staffrey was serving a prison term on April 7, 2009, and, as noted by the trial court, he had completed the mandatory portion of his prison term, *see* majority opinion at ¶ 9. Under the plain language of the statute, he is an offender who was serving at least one nonmandatory sentence on or after April 7, 2009, and as such, he was eligible for judicial release. Under this court's precedent, that is the end of the inquiry. *See Fork* at ¶ 13, 17.

{¶ 37} No interpretation of R.C. 2929.20 is necessary here. This court has previously observed that the General Assembly's intent in making substantial changes to Ohio's felony-sentencing scheme by enacting H.B. 86—which became effective on September 30, 2011—was "'to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison.' *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011)." *State v. Thomas*, 2016-Ohio-5567, ¶ 13.

{¶ 38} Even if the meaning of R.C. 2929.20 were not clear from the plain language of the statute, it is clear from the General Assembly's revision of that statute under H.B. 86 that it should not be read to exclude from eligibility for judicial release an offender serving an indefinite sentence imposed under pre-S.B. 2 sentencing statutes. Moreover, if interpretation of the statute *were* necessary, we

would be required to strictly construe R.C. 2929.20 against appellant, the State of Ohio. *See* R.C. 2901.04 (except as provided in R.C. 2901.04(C) or (D) [which are not at issue here], "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused"); *State v. Elmore*, 2009-Ohio-3478, ¶ 38 ("The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous.").

{¶ 39} The majority places great weight on the phrase "stated prison term" in R.C. 2929.20, concluding that its presence there excludes an offender serving an indefinite sentence imposed under pre-S.B. 2 sentencing statutes from eligibility for judicial release under R.C. 2929.20. As pointed out by amicus curiae, the Office of the Ohio Public Defender, the phrase "stated prison term" is used in other statutory provisions, and reading it to exclude any offender serving an indefinite sentence imposed under pre-S.B. 2 sentencing statutes, which is what the majority opinion does, creates a precedent that could result in a dissonant misapplication of statute in other cases.

{¶ 40} For example, R.C. 5120.63 empowers the Ohio Department of Rehabilitation and Correction to randomly drug test inmates who "are serving a stated prison term in a state correctional institution." R.C. 5120.63(B). That statute provides that the phrase, "'[s]tated prison term' has the same meaning as in section 2929.01 of the Revised Code." R.C. 5120.63(A)(3). In using the phrase "stated prison term," the General Assembly surely did not intend to exclude from testing those offenders serving sentences imposed under pre-S.B. 2 sentencing statutes. *See also, e.g.*, R.C. 2967.01(C) and (P) ("commutation may be stated in terms of . . . commuting from a stated prison term in months and years to a shorter prison term in months and years, or in terms of commuting from any other stated prison term to a shorter prison term" and "stated prison term" has the same meaning as in

R.C. 2929.01) and R.C. 5120.17(G) (an inmate transferred to psychiatric hospital is entitled to credit toward the reduction of the inmate patient's "stated prison term").

{¶ 41} The plain language of R.C. 2929.20, which includes the word "any," does not exclude from eligibility for judicial release under R.C. 2929.20 an offender serving an indefinite sentence imposed under pre-S.B. 2 sentencing statutes. Accordingly, R.C. 2929.20 should not be construed in this way.

{¶ 42} Trial courts are in the best position to adjudge the facts relating to an offender's eligibility for judicial release and to utilize the full breadth of options available to them under duly enacted statutes, including R.C. 2929.20. Their jurisdiction to do so has been fashioned by the General Assembly, *see* Ohio Const., art. IV, § 1, 4; R.C. 2931.02 and 2931.03. And the General Assembly changed the felony-sentencing scheme with a clear purpose and intent "'to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison,'" *Thomas*, 2016-Ohio-5567, at ¶ 13, quoting *Taylor*, 2014-Ohio-460, at ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to H.B. 86, at 3.

{¶ 43} For these reasons, I would affirm the judgment of the Seventh District Court of Appeals, and I therefore respectfully dissent.

_____

Dennis Watkins, Trumbull County Prosecuting Attorney, and Christopher D. Becker, Assistant Prosecuting Attorney, as special prosecuting attorneys for appellant.

Louis M. DeFabio, for appellee.

Elizabeth R. Miller, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, urging affirmance for amicus curiae, the Ohio Public Defender.

_____